IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01613-MSK

BRIAN J. WALLACE,

       Plaintiffs,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

**ORDER GRANTING, IN PART, AMENDED MOTION FOR ATTORNEY FEES**

THIS MATTER comes before the Court on the Plaintiff's Amended Motion for Attorney Fees **(#31)** filed July 26, 2006. Having considered the motion, the response **(#32/#33)** and the reply **(#36)**, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff, Brian J. Wallace, commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his application for Social Security Disability benefits. Following oral argument, the Court found that the administrative law judge's (ALJ) determination at Step 4 of the 5-step framework applicable to social security benefit determinations was deficient because he excluded an OTR report from his consideration and did not specify whether the report was a medical source opinion or an other source report. The Court remanded the case to the administrative law judge for a complete determination as to Step 4, specifically to include consideration of the OTR report, and possible

evaluation of Step 5.

At oral argument, the Commissioner recognized that the ALJ's decision was deficient. Therefore, the Court awarded the Plaintiff his attorney fees and expenses. The Court noted that, if the parties had reached an agreement to remand the matter to the ALJ, no fees would have been awarded. On stipulation of the parties, the Clerk of Court awarded the Plaintiff $285.53 in costs.

The Plaintiff now moves for an award of attorney fees. In specific, he seeks to recover $12,227.64 in attorney fees and $2,555.65 in paralegal fees for a total of $14,783.29. The Commissioner argues that no fees should be awarded because the Commissioner's position was substantially justified. She also argues that the amount of fees sought is unreasonable because: (1) fees in excess of $125 per hour are not warranted; (2) the number of hours spent on the case by the Plaintiff's attorneys exceeded what was demanded by this case; (3) time spent on clerical or secretarial tasks should not be compensated; and (4) time spent requesting an extension of time to file a reply brief should not be compensated.

**A. Was the Position of the United States Substantially Justified?**

In the recently published decision of *Hackett v. Barnhart*, _ F.3d _, 2006 WL 3365374 (10th Cir. Nov. 21, 2006), the Tenth Circuit addressed when attorney fees must be awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. As the Tenth Circuit in *Hackett* states, an award of fees is required pursuant to 28 U.S.C. § 2412(d)(1)(A) if the plaintiff is a prevailing party, the position of the United States was not substantially justified, and there are no special circumstances making an award of fees unjust. The Commissioner bears the burden of establishing that the position of the United States was substantially justified, *i.e.*, that it was reasonable both in law and fact.

Citing to the EAJA, the Tenth Circuit in *Hackett* elaborates on what "the position of the United States" is. The phrase not only includes the position taken by the attorneys on appeal, but it also includes the actions taken by the ALJ. When the ALJ's underlying action was unreasonable, EAJA fees should generally be awarded, even if government counsel advances a reasonable argument on appeal.

This Court has already determined that the Plaintiff should recover reasonable attorney fees because the position of the United States was not substantially justified. Therefore, the Court treats the Commissioner's objection to an award of fees as a motion for reconsideration of that determination. Having reconsidered its earlier ruling, the Court again concludes that the position of the United States in this case was not substantially justified for the reasons discussed *supra* and for the reasons stated orally at the hearing. Therefore, the Plaintiff is entitled to recover reasonable attorney fees.

**B. What Fees Are Reasonable?**

To determine a reasonable fee under the EAJA, the Court looks at the number of hours reasonably expended and multiplies them by an appropriate hourly rate.[1]

**Hours Reasonably Expended**

The Commissioner asserts that the Plaintiff's case did not require more than one lawyer, and he should not recover fees for clerical or secretarial tasks. The Commissioner also contends that the Plaintiff should not recover any fees for seeking an extension of time to file a reply brief. The Plaintiff contends that all of the requested fees were reasonably incurred.

The Court agrees that this case was not complex, and the Plaintiff's choice to have more

---

[1] Neither party has argued for application of anything apart than the traditional lodestar method.

than one lawyer work on his case should not result in a higher fee award. For this reason, the Court disallows time billed for communications between lawyers and paralegals, as well as amounts billed for apparently duplicative efforts, as follows:

| Date     | Attorney | Time |
|----------|----------|------|
| 7/25/05  | AMG      | 0.5  |
| 7/25/05  | GK       | 0.2  |
| 7/25/05  | GK       | 0.2  |
| 8/8/05   | AMG      | 0.2  |
| 8/8/05   | LOJ      | 0.1  |
| 8/12/05  | AMG      | 0.3  |
| 8/15/05  | GK       | 0.1  |
| 8/19/05  | GK       | 0.3  |
| 8/19/05  | AMG      | 0.1  |
| 8/24/05  | PAL      | 1.5  |
| 11/1/05  | GK       | 0.2  |
| 11/3/05  | PAL      | 0.1  |
| 11/3/05  | GK       | 0.6  |
| 11/8/05  | LOJ      | 1.0  |
| 11/8/05  | GK       | 0.5  |
| 11/9/05  | GK       | 0.1  |
| 11/10/05 | GK       | 0.7  |
| 11/16/05 | LOJ      | 0.1  |
| 11/18/05 | LOJ      | 0.2  |
| 11/21/05 | GK       | 0.1  |
| 12/19/05 | GK       | 0.2  |
| 12/20/05 | LOJ      | 8.0  |

| 2/14/06 | GK | 0.1 |
| 2/14/06 | PAL | 0.1 |
| 2/24/06 | LOJ | 0.1 |
| 3/8/06 | LOJ | 0.25 |
| 3/16/06 | PAL | 0.1 |

The Court also agrees that the Plaintiff cannot be awarded fees for secretarial or clerical tasks, as well as for other services which did not benefit the case, and excludes the following:

| Date | Attorney | Time |
|---|---|---|
| 8/15/05 | PAL | 1.5 |
| 8/17/05 | PAL | 1.0 |
| 8/19/05 | GK | 0.3 |
| 8/19/05 | PAL | 5.0 |
| 8/19/05 | PAL | 1.0 |
| 9/2/05 | PAL | 0.25 |
| 9/3/05 | PAL | 0.25 |
| 11/1/05 | PAL | 0.5 |
| 11/4/05 | PAL | 3.0 |
| 11/7/05 | PAL | 1.5 |
| 11/7/05 | GK | 1.0 |
| 11/8/05 | PAL | 0.5 |
| 11/8/05 | PAL | 2.0 |
| 11/10/05 | PAL | 2.5 |
| 11/21/05 | PAL | 0.75 |
| 12/20/05 | PAL | 5.0 |
| 1/19/06 | PAL | 0.5 |

| Date | Attorney | Time |
|------|----------|------|
| 2/6/06 | PAL | 0.3 |
| 2/13/06 | LOJ | 0.1 |
| 2/24/06 | PAL | 0.1 |
| 2/24/06[2] | AMG | 0.5 |
| 2/24/06 | LOJ | 0.1 |
| 2/28/06 | PAL | 0.4 |
| 2/28/06 | AMG | 0.1 |
| 3/9/06 | PAL | 0.5 |
| 3/9/06 | AMG | 0.6 |
| 3/13/06 | PAL | 0.3 |
| 3/13/06 | PAL | 0.4 |
| 5/30/06 | PAL | 1.0 |

However, the Court will award fees to the Plaintiff for legal work, including research and drafting, performed by his attorneys, as follows:

| Date | Attorney | Time |
|------|----------|------|
| 6/27/05 | LOJ | 0.75 |
| 7/25/05 | LOJ | 0.75 |
| 8/12/05 | LOJ | 2.6 |
| 8/15/05 | GK | 1.2 |
| 8/17/05 | LOJ | 0.5 |
| 8/18/05 | LOJ | 0.4 |
| 9/29/05 | LOJ | 0.1 |

---

[2] The charges from 2/24/06 pertain to the Plaintiff's Unopposed Motion for Extension of Time to File Plaintiff's Reply Brief (**#11**), filed due to counsel's illness. The Court finds that these charges did not benefit the case, and excludes them.

| | | |
|---|---|---|
| 10/23/05 | LOJ | 4.7 |
| 10/25/05 | LOJ | 0.1 |
| 10/26/05 | LOJ | 0.1 |
| 10/31/05 | LOJ | 0.1 |
| 11/1/05 | LOJ | 0.1 |
| 11/7/05 | GK | 0.9 |
| 11/8/05 | GK | 1.0 |
| 11/9/05 | LOJ | 0.5 |
| 11/9/05 | GK | 1.3 |
| 11/10/05 | LOJ | 2.0 |
| 11/19/05 | GK | 3.7 |
| 11/28/05 | LOJ | 0.1 |
| 12/18/05 | GK | 3.3 |
| 12/19/05 | GK | 3.3 |
| 12/20/05 | GK | 0.4 |
| 12/20/05 | GK | 0.7 |
| 1/17/06 | LOJ | 0.1 |
| 1/18/06 | GK | 0.1 |
| 1/19/06 | LOJ | 0.1 |
| 2/6/06 | GK | 0.1 |
| 2/14/06 | LOJ | 1.5 |
| 3/3/06 | LOJ | 0.1 |
| 3/3/06 | GK | 1.3 |
| 3/3/06 | GK | 0.7 |
| 3/7/06 | GK | 1.0 |
| 3/8/06 | GK | 7.3 |

| | | |
|---|---|---|
| 3/9/06 | LOJ | 2.5 |
| 3/9/06 | GK | 1.0 |
| 3/9/06 | GK | 3.9 |
| 3/13/06 | LOJ | 0.1 |
| 5/26/06 | LOJ | 4.0 |
| 5/26/06 | LOJ | 4.0 |
| 5/30/06 | LOJ | 2.0 |
| 5/31/06 | LOJ | 2.6 |
| **TOTAL** | | **61.0** |

### Hourly Rate

The Commissioner contends that the hourly rate requested by the Plaintiff's attorneys is unreasonable because it exceeds $125 per hour. The Plaintiff responds that the presumptive rate of $125 per hour may be increased in accordance with the Consumer Price Index.

The EAJA, 28 U.S.C. § 2412(d)(2)(A), provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." In support of his request for a higher fee, the Plaintiff has simply adopted the Ninth Circuit's approach to calculating an adjusted rate, and argues (with a supporting affidavit from counsel) that attorneys in the Denver area, with experience similar to his counsel's, commonly earn more than $200 per hour. This is not a sufficient demonstration that a higher fee is justified. Therefore, his attorney fees are compensable at the presumptive rate of $125 per hour, for a total fee award of $7,625.00.

**IT IS THEREFORE ORDERED** that the Plaintiff's Amended Motion for Attorney Fees **(#31)** is **GRANTED, IN PART,** and **DENIED, IN PART**. The Plaintiff is awarded attorney fees in the amount of **$7,625.00**.

Dated this 22nd day of December, 2006

                                        **BY THE COURT:**

*/s/ Marcia S. Krieger*

                                        Marcia S. Krieger
                                        United States District Judge