IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01613-MSK

BRIAN J. WALLACE,

    Plaintiff,

v.

JO ANNE B. BARNHART,
*Commissioner of Social Security*,

    Defendant.

---

**ORDER GRANTING, IN PART, MOTION FOR ATTORNEY FEES**

---

THIS MATTER comes before the Court on a Motion for Award of Attorney Fees **(#38)** filed by the Plaintiff's counsel, to which the Defendant responded **(#42)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining the instant motion, the Court exercises subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) & 406(b).

### II. Background

The Plaintiff, Brian J. Wallace, commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his application for Social Security Disability benefits. Following oral argument, this Court remanded the case to the administrative law judge for a complete determination as to Step 4 of

the 5-step framework applicable to social security benefit determinations. Because the position of the United States in this case was not substantially justified, the Plaintiff was awarded $7,625 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Judgment entered, and this case was closed.

On remand, the administrative law judge awarded the Plaintiff $102,184 in past-due benefits. Now, pursuant to a contingent fee agreement, the Plaintiff's counsel asks this Court to approve an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $25,546 (25% of the benefits awarded), but to offset against that award the amount of fees awarded under the EAJA. Indeed, the contingent fee agreement specifies that the Plaintiff will pay his attorneys 25% of the past-due benefits obtained. The Defendant does not oppose this request.

### III. Issue Presented

The issue presented is whether the Plaintiff's counsel should be awarded attorney fees in the amount of 25% of the benefits awarded, minus fees previously awarded under the EAJA.

### IV. Analysis

**A. Reopening the Case**

As a technical matter, this case is closed. Procedurally, to seek attorney fees from a district court under 42 U.S.C. § 406(b) after a post-remand award of benefits, the "best option" is for a claimant to file a motion to reopen the case under Fed. R. Civ. P. 60(b)(6). *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). A Rule 60(b)(6) motion, if filed within a reasonable period of time after the determination of benefits, ordinarily should be granted when counsel seeks an award of attorney fees under 42 U.S.C. § 406(b)(1). *See id.* Once the case is reopened, a court then may consider what fees to award.

2

The Plaintiff filed no motion under Rule 60(b)(6). However, *McGraw* does not mandate such a motion and simply characterizes it as a "best option." The instant motion obviously encompasses an implied request to reopen the case for the limited purpose of awarding attorney fees. Such request is granted.

**B. Attorney Fees in Social Security Cases**

Attorneys who represent claimants in Social Security cases may seek an award of attorney fees under two different statutes with distinct purposes. One is the EAJA, 28 U.S.C. § 2412, a fee-shifting statute which authorizes an award of fees paid by the Social Security Administration when its Commissioner assumed an unjustified legal position. *See McGraw*, 450 F.3d at 497. Fees under the EAJA serve as a penalty, are calculated using a lodestar analysis, and are typically subject to a cap on the attorney's compensable hourly rate. *Id.; see also* 28 U.S.C. § 2412(d)(2)(A). As noted *supra*, EAJA fees have already been awarded in this case.

By contrast, the Social Security Act, 42 U.S.C. § 406, is not a fee-shifting statute. *McGraw*, 450 F.3d at 497. Instead, it allows an award of fees paid by the client, recognizing the client's obligation to pay counsel a reasonable fee. *Id.* Fees are not calculated using a lodestar analysis, and there is no limitation on the attorney's hourly rate. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

The Social Security Act provides two mechanisms for counsel to be compensated in accordance with a contingent fee agreement, which is the most common fee arrangement in this type of case. *Id.* at 800. Under 42 U.S.C. § 406(a), counsel may seek an award of fees from the

Commissioner of Social Security for work performed before the agency.[1] Under subsection (b), counsel may seek an award of fees from the district court for work performed before the court. Counsel is not limited to seeking fees under one or the other, but can seek fees under both, without an aggregate limitation. *Wrenn,* 525 F.3d at 937. However, a court can only award attorney fees for work performed before the court, not for work performed before the agency. *Id.*; *McGraw*, 450 F.3d at 498.

Under subsection (b), a court can award attorney fees to a prevailing claimant if (1) it rendered a judgment favorable to the claimant, (2) the claimant was represented before the court by an attorney, and (3) the claimant was awarded past-due benefits "by reason of such judgment". 42 U.S.C. § 406(b)(1)(A). The phrase "by reason of such judgment" is read broadly to include post-remand awards of past-due benefits. *McGraw*, 450 F.3d at 499-503.

Notwithstanding the terms of a contingent fee agreement, a court is obligated to consider whether the fee yielded by the agreement is reasonable. *Id.* at 498. The attorney making the request bears the burden of persuading the court that the fee is reasonable. *Gisbrecht,* 535 U.S. at 807 n.17. Although there is no lodestar analysis, a court appropriately considers the character of the representation, the results achieved, the attorney's typical hourly rate, and the number of hours spent. *Id.* at 808. It can award less than the amount specified in the contingent fee contract. *Id.* For instance, if the amount of benefits is large when compared with the amount of time counsel spent on the case before the court, then a downward adjustment of the fee may be warranted. *See id.* Then, after the fee is determined, and if fees were also awarded under the

---

[1] Under subsection (a), any fee may be up to 25% of the past-due benefits awarded but is capped at $5,300. 42 U.S.C. § 406(a)(2)(A); *Wrenn ex rel. Wrenn v. Astrue,* 525 F.3d 931, 933 n.1 (10th Cir. 2008).

4

EAJA, the attorney must refund to the claimant the lesser of the EAJA fee award, or the award under § 406(b)(1). *Id.* at 796.

Heeding the Supreme Court's opinion in *Gisbrecht*, and the distinctions between fee awards under the EAJA and the Social Security Act, this Court considers whether the requested fee award of $25,546 is reasonable under the circumstances. This was not a complex case, at least not when it was litigated before this Court. It was commenced by the filing of a 2-page Complaint **(#1).** The Plaintiff later filed a 28-page opening brief **(#6)** and a 20-page reply brief **(#14)**. This was followed by a 2-hour hearing consisting of approximately 1 hour of oral argument and an oral ruling **(#18)**. Judgment then entered **(#19),** after which counsel requested attorney and paralegal fees totaling $14,783.29 **(#31)** premised upon counsel's hourly rate of $220. Apparently, this sum represented the amount of work counsel believed was reasonably and necessarily devoted to the case.

Now, in light of the substantial award of benefits on remand, counsel believes that a greater award of fees is appropriate. Indeed, the results ultimately achieved in the litigation – an award of $102,184 – overshadow the original award of attorney fees under the EAJA. The EAJA award was limited to an hourly rate cap of $125. The Court is no longer constrained by such cap nor a lodestar analysis. Nevertheless, the work performed by counsel during the pertinent time period (August 19, 2005 through December 22, 2006)[2] is fixed. Under these circumstances, a reasonable fee for work performed during that period is precisely what counsel first requested under the EAJA – $14,783.29. This amount must be reduced by the sum of

---

[2] These are the pertinent dates, because 42 U.S.C. § 406(b) only allows a court to award fees for work performed before the court. The action was commenced on August 19, 2005, judgment was entered on May 31, 2006, and EAJA fees were awarded on December 22, 2006.

5

$7,625 awarded under the EAJA, resulting in a total fee award of $7,158.29.

**IT IS THEREFORE ORDERED** that the case is reopened for the limited purpose of ruling on the instant motion, and shall then be closed. The Motion for Award of Attorney Fees **(#38)** is **GRANTED, IN PART.** The Plaintiff's counsel is awarded attorney fees under 42 U.S.C. § 406(b) in the amount of $7,158.29.

Dated this 21st day of October, 2008

**BY THE COURT:**

_Marcia S. Krieger_
Marcia S. Krieger
United States District Judge